Minute Order Form (06/97)

 

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | James B. Moran | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 02 C 6213 | **DATE** | 9/13/2002 |
| **CASE TITLE** | John P. O'Connor vs. Mark R. Collins et al. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

Memorandum Opinion and Order

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ■ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to] ☐ FRCP4(m) ☐ Local Rule 41.1 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Enter Memorandum Opinion and Order. Plaintiff's petition to proceed in forma pauperis is denied and his complaint is dismissed without prejudice.
(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | |
|---|---|---|---|---|
| | No notices required. | | number of notices | Document Number |
| | Notices mailed by judge's staff. | | SEP 16 2002 | |
| | Notified counsel by telephone. | | date docketed | |
| ✓ | Docketing to mail notices. | | CDY | 6 |
| ✓ | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| WAH | courtroom deputy's initials | | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

JOHN P. O'CONNOR,       )
                        )
        Plaintiff,      )
                        )
vs.                     )   No. 02 C 6213
                        )
MARK R. COLLINS, et al.,)
                        )
        Defendants.     )

DOCKETED
SEP 1 6 2002

## MEMORANDUM OPINION AND ORDER

Plaintiff John O'Connor brings this complaint against numerous defendants, including the Oakbrook Terrace Police Department, specific police officers, Illinois state judges, private law firms, attorneys, and other private parties. He alleges various civil rights violations. Along with the complaint plaintiff filed an application to proceed *in forma pauperis*. For the following reasons, plaintiff's petition is denied.

Under 28 U.S.C. § 1915(a) the court may authorize a plaintiff to proceed *in forma pauperis* if he is unable to pay the prescribed court fees. Plaintiff has been unemployed since April 1996. His income in 2001 was $4,311.00. He has $1,300.00 in his checking account and no other source of savings or income. He has established his inability to pay court fees.

Our inquiry does not end here, however. Section 1915 requires us to conduct an initial review of plaintiff's claim and dismiss the action if we find that the action is frivolous or malicious, it fails to state a claim, or petitioner seeks damages from a defendant who is immune. 28 U.S.C. § 1915(e)(2)(B)(i)-(iii); Alston v. Debruy, 13 F.3d 1036, 1039 (7th Cir. 1994). In determining whether plaintiff states a claim we apply the same standard as though this were



a motion to dismiss under Fed.R.Civ.P. 12(b)(6). Zimmeran v. Tribble, 266 F.3d 568,571 (7th Cir. 2000).

The facts are taken from plaintiff's complaint. He claims that defendants conspired to deny him meaningful access to the Illinois court system. Specifically, he alleges that after an complaint was filed against Equitable Life Assurance Society employee John Passananti with National Association of Securities Dealers, Equitable hired private investigators to get plaintiff fired from his job at TransAmerica. Further, he alleges, that people at Equitable believed that he was a homosexual and believed that he was the whistleblower in the action against Passananti. Plaintiff filed a defamation suit in 1993, and alleges that defendants conspired to prevent him fair access to the courts.

Plaintiff claims that defendants in the police department fabricated records to support Equitable's case; that defense counsel and circuit court judges conspired to deny him access to discovery by denying his motions and limiting available discovery methods; and that investigation requests he made with the Attorney General's office were refused. Moreover, he claims that the Illinois appellate courts and Illinois Supreme Court conspired to deny plaintiff's appeals. Also, if anyone outside of the "inner circle" discovered the conspiracy, he or she were offered financial inducement or career advantages to keep quiet.

Plaintiff alleges violations of 18 U.S.C. §§ 241, 242, 1962, and 1964, all of which are criminal statutes that do not create a private right of action. We read plaintiff's claims as alleging that defendants acted together in a conspiracy to prevent him access to the courts, constituting a violation of 42 U.S.C. § 1983.

Efforts by state actors to impede an individual's access to courts may provide the basis

for a claim under 42 U.S.C. § 1983. Bounds v. Smith, 430 U.S. 817, 822 (1977). To satisfy due process, judicial access must be "adequate, effective, and meaningful." *Id.* Plaintiff's allegations here amount to a claim that an elaborate conspiracy involving police officers, judges, the mayor, and numerous private actors, worked together to deny him his day in court.

To state a claim for deprivation of access to courts, plaintiff must allege both the underlying cause of action and the official acts frustrating litigation. Christopher v. Harbury, 122 S.Ct. 2179, 2187 (2002). Plaintiff's problem is that his underlying claims have been fully litigated. His defamation suit was filed in June 1993. The defendants in that case were granted summary judgment. The suit was then appealed to the 2d Appellate District, where plaintiff had the chance for oral argument. After the grant of summary judgment was affirmed by the appellate court, plaintiff filed a *curam nobis* petition to reopen the summary judgment. This petition was denied. Again, plaintiff appealed to the 2d Appellate District, where the order was affirmed. Finally, he petitioned for appeal to the Illinois Supreme Court and was denied. Plaintiff has certainly had his day in court. Plaintiff has asked the Attorney General to investigate the police department, and his claim was reviewed and then denied by the Attorney General's office. Plaintiff is barred by the Rooker-Feldman doctrine from turning to a federal court effectively to overturn state court determinations nor can he assert claims against state court judges who, when acting in their judicial capacity, have absolute immunity. *See* Edwards v. Illinois Board of Admissions to the Bar, 261 F.3d 723, 729-30 (7th Cir. 2001) (holding that if plaintiff's injury results from a state court judgment, the federal court does not have subject matter jurisdiction).

Plaintiff comes closest to stating a § 1983 claim by asserting that the police department

of Oakbrook Terrace, and specific officers of the department, fabricated evidence as part of the elaborate conspiracy against him. His allegations here may well amount to a constitutional violation. To establish a civil rights violation by police officers, however, plaintiff must allege that at the time "a reasonable official would understand that what he is doing violates that right." Anderson v. Creighton, 483 U.S. 635, 640 (1987). When officers conceal or obscure important facts, constitutional rights may be abridged. Bell v. City of Milwaukee, 746 F.2d 1205 (7th Cir. 1984). However, to reach this level and deny qualified immunity, officers, prior to 1999, must have done more than merely intentionally hiding or falsifying evidence to make the filing of a civil claim more difficult. Harrell v. Cook, 169 F.3d 428, 433 (7th Cir. 1999) (holding that officers had qualified immunity when police officers had allegedly destroyed a key piece of evidence). Here, plaintiff essentially alleges that officers did exactly that.

While plaintiff alleges significant suffering as a result of this conspiracy, he does not establish a colorable violation of his civil rights by any of the defendants. For those reasons, plaintiff's petition to proceed *in forma pauperis* is denied and his complaint is dismissed without prejudice.

JAMES B. MORAN
Senior Judge, U. S. District Court

Sept. 13, 2002.